IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHRISTOPHER W. CLARK          :
                              :
                              :
                              :
v.                            :    Case No. CCB-12-2673
                              :
                              :
                              :
ZVI GUTTMAN, TRUSTEE          :

## MEMORANDUM

Under 28 U.S.C. § 158(a), Christopher Clark appeals the bankruptcy court's determination that he was not entitled to an exemption under Cal. Civ. P. Code § 704.710 *et seq.*. For the reasons set forth below, the court will affirm the bankruptcy court's order sustaining the trustee's objection to the exemption.

## BACKGROUND

Clark filed for Chapter 7 bankruptcy on June 15, 2010. The trustee subsequently filed an objection to Clark's claimed homestead exemption. The court held a hearing in November 2011 and issued a final opinion and order on August 20, 2012. The bankruptcy court made thorough factual findings in its memorandum opinion supporting the order sustaining the trustee's objection. *See In re Clark*, No. 10-23496-RAG, 2012 WL 3597410, at *1-3 (Bankr. D. Md. 2012). The most relevant facts will be briefly recounted here.

Clark claimed the California homestead exemption based on his interest in 21071 Redwood Lane, Mission Viejo, CA ("Redwood Lane"), Clark's former home which he owns as a joint tenant with his former wife. The Clarks purchased Redwood Lane in 1984, when they were

1

married, and took title as joint tenants. That form of ownership never changed. In 1998 or 1999, Clark separated from his wife and moved out. His former wife and son still reside there.

Clark filed for divorce in 2001 and the Superior Court of California for Orange County granted a "status-only" divorce on August 1, 2008. There is no evidence of any written, post-divorce, court-ordered or approved division of property owned during the marriage. None was apparently necessary, however, because, according to Clark's testimony during a creditors meeting on July 13, 2010, he and his former wife had reached an arrangement dividing all of the personal property owned by them during their marriage. When he left Redwood Lane, Clark took sole possession of a boat and television. The rest of the couple's personal community property was left with his wife and was understood to be hers alone. The couple's only real property was Redwood Lane. Clark testified at the creditors meeting that he also had an agreement with his former wife that they would sell Redwood Lane when their youngest child reached the age of 21.[1] In his bankruptcy proceedings, Clark claimed a $75,000 homestead exemption in Redwood Lane, leading to the trustee's objection.

## ANALYSIS

A district court reviews a bankruptcy court's findings of fact for clear error and conclusions of law *de novo*. *In re Tudor Assoc., Ltd.*, 20 F.3d 115, 119 (4th Cir. 1994). The parties do not dispute that California law applies to Clark's exemption claim and they largely agree on the contours of the homestead exemption at issue here. The crucial provision of the exemption is Cal. Civ. P. Code § 704.720(d) which states:

> If a judgment debtor is not currently residing in the homestead, but his or her separated or former spouse continues to reside in or exercise control over

---

[1] Clark later denied in a deposition that an agreement regarding the disposition of Redwood Lane was ever reached, but the bankruptcy court found that Clark likely altered his testimony in light of the dispute over his exemption claim.

> possession of the homestead, that judgment debtor continues to be entitled to an exemption under this article **until entry of judgment or other legally enforceable agreement dividing the community property between the judgment debtor and the separated or former spouse**, or until a later time period as specified by court order. Nothing in this subdivision shall entitle the judgment debtor to more than one exempt homestead. (emphasis added)

Most of the bankruptcy court's opinion thoroughly explains the court's conclusion that Redwood Lane is not "community property." *See Clark*, 2012 WL 3597410 at *5. Clark does not take issue with this conclusion. (*See* Appellant's Br. at 6. ("Judge Gordon's community property analysis under California law is perfectly sound.")).[2]

Instead, Clark argues that the bankruptcy court erroneously construed § 704.720(d) as applying *only* to homesteads held as community property. Clark argues that even though Redwood Lane was held as a joint tenancy, because no "judgment or other legally enforceable agreement" dividing the Clarks' community property was entered, Clark can claim a homestead exemption for Redwood Lane. The trustee agrees that homesteads held as joint tenancies *can* qualify for an exemption under § 704.720(d) but only where "divorcing parties still ha[ve] any community property left for the California divorce court to divide." (Appellee's Br. at 6).

Thus, the parties are largely in agreement on the operation of California law in this instance, and their dispute turns on whether the exemption's time limit for Clark to claim a homestead exemption for a non-resident spouse ("until entry . . .") had accrued. The trustee's interpretation of the exemption—that it applies only where there is any community property left to divide—more logically comports with the exemption's text and purpose. Section 704.720(d)'s reference to "the community property" contains an inherent requirement that "community property" exists in the first place. Because the bankruptcy court found that (1) all of the Clarks'

---

[2] Because Clark does not challenge it, this court takes no position on the correctness of the bankruptcy court's holding that Redwood Lane was not community property or entitled to the presumption of Cal. Fam. Code § 2581 in this context.

3

community property was divided by agreement when Clark moved out of Redwood Lane, (2) Redwood Lane itself is not community property, and (3) the Clarks held no other community property, there was no community property left to divide when Clark obtained the status-only divorce in 2008. Thus, no "entry of judgment or other legally enforceable agreement dividing the community property between" Clark and his former wife will ever occur and he cannot claim the exemption because § 704.720(d) does not apply to his present situation.

Under Clark's interpretation of the provision, a divorce court would need to enter a judgment dividing nothing for no reason other than to end the time period in which a former spouse could claim a homestead exemption in non-community property he or she holds as a joint tenant with his or her former spouse. Otherwise, a debtor could forever obtain an exemption, even long after the final resolution of a divorce, so long as the debtor continued to be a joint tenant in a former dwelling where the debtor's former spouse lives. Such a result does not appear to have been the intent of the California legislature, which added subsection (d) to the homestead exemption in 2007 stating it was "unfair to the spouse that is not residing in the property to have their homestead rights terminated even though they continue to have a *community property ownership interest in the dwelling*" and to protect victims of domestic violence who "should not be penalized for leaving the homestead in self-preservation." Cal. Bill Analysis, Assemb. Comm., S.B. 433 (July 7, 2007) (emphasis added).

The cases Clark cites are inapposite to the particular facts of this case. They all support Clark's undisputed proposition that California's homestead exemption applies equally to community property and joint tenancies held by spouses or former spouses. What the cases do not suggest is that § 704.720(d) applies where there is no community property left to divide. *See Clark*, 2012 WL 3597410 at *4 ("[Clark] testified that he and Ms. Clark together own no

community property and he signed an affidavit confirming Redwood Lane is owned . . . in joint tenancy."). In particular, Clark's reliance on *In re Arrendondo-Smith*, 436 B.R. 412 (Bankr. W.D. Tex. 2010), is misplaced. There, the bankruptcy court held that a debtor was required to claim a homestead exemption in her former residence in California, where her spouse still resided, and not a home she owned in Texas, because the totality of circumstances demonstrated she had not reestablished a homestead in Texas. *Id.* at 417-21. Clark focuses on the court's holding that the debtor did not need to have an ownership interest in the homestead for the exemption to apply to it, but the crucial fact relevant to the present case is that, in *Arrendondo-Smith*, the debtor's divorce was still pending when she filed for bankruptcy and, at the time, there was community property left to be divided. *See id.* at 415, 417-18 ("Debtor's divorce action was still pending in California at the time this bankruptcy case was filed and, as such, she is considered married to her Spouse for the purpose of this analysis."). Because § 704.720(d) inherently requires that a non-resident debtor seeking a homestead exemption has community property left to divide with his or her former spouse, and because Clark had divided any community property that existed in his marriage long before he filed for bankruptcy, the bankruptcy court correctly sustained the trustee's objection to his homestead exemption claim.

Accordingly, Clark's appeal will be denied and the bankruptcy court's order affirming the trustee's exemption objection will be affirmed. A separate Order follows.

    March 4, 2013                                                          /s/
        Date                                                          Catherine C. Blake
                                                                   United States District Court